IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY BLANEY, #1519297, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-1542-K (BK) |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

This is a *pro se*, fee paid petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case. On August 16, 2010, the magistrate judge issued a questionnaire to Petitioner, who filed his answers thereto on August 27, 2010.

On July 18, 2008, a Dallas County jury convicted Petitioner for the offense of aggravated sexual assault of a child and sentenced him to life imprisonment. *See State v. Blaney*, No. F05-00065 ( 203rd Jud. Dist. Ct. 2008). Petitioner's direct criminal appeal is presently pending

before the Fifth District Court of Appeals at Dallas. *See Blaney v. State*, No. 05-08-01049-CR (Tex. App. – Dallas).[1]

This is Petitioner's fourth federal habeas petition seeking relief from his aggravated sexual assault conviction. The court dismissed the first three actions for failure to exhaust state court remedies. *See Blaney v. 203rd Judicial Dist. Court*, 3:08-CV-637-G (N.D. Tex., Jul. 17, 2008); *Blaney v. State of Texas*, 3:08-CV-1382-L (N.D. Tex. Oct. 30, 2008); *Blaney v. Thaler*, 3:09-CV-1572-O (N.D. Tex. Dec. 15, 2009). Contemporaneously with this action, Petitioner filed two additional habeas petitions, currently pending before the court. *See Blaney v. Thaler*, 3:10-CV-1540-K and 3:10-CV-1541-N (N.D. Tex.).

In the present action, Petitioner seeks to challenge his underlying criminal conviction on the basis of prosecutorial misconduct. (Magistrate Judge's Questionnaire (MJQ) Answer No. 3.) He alleges the "prosecution in bad faith intentionally failed to collect evidence vital to the defense," and "denied discovery of vital grand jury records, which would have set him free." *Id.* Petitioner requests an order directing "the grand jury and warrants office of Dallas Co. to release all records to use on my appeal." (MJQ Answer No. 4.)

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in

---

[1] Thereafter, Petitioner unsuccessfully sought leave to file an original application for writ of habeas corpus during the pendency of his direct appeal. *See In re Blaney*, No. WR-72,873-01 (Tex. Crim. App. Oct. 28, 2009) (denying motion for leave to file original state habeas application).

the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner has not satisfied the exhaustion requirement. His direct criminal appeal remains pending before the Fifth District Court of Appeals at Dallas. In addition, Petitioner will need to exhaust his state habeas corpus remedies with respect to any of the claims not presented on direct appeal. *See* Tex. Code Crim. Proc. art. 11.07. Accordingly, his petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.[2]

To the extent Petitioner seeks mandamus relief against the Dallas County warrants office, his claim should also be dismissed. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought.

---

[2] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to any petition that Petitioner may file in this court.

*Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). A review of the pleadings in this case reflects that the only relief sought is mandamus against the warrant office of Dallas County to release records so that they can be used in Petitioner's direct criminal appeal. Therefore, Plaintiff's request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); 28 U.S.C. § 1915A(b)(1) (providing for *sua sponte* dismissal of a complaint filed by a prisoner if the court finds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted).[3]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's request for habeas corpus relief be **DISMISSED** without prejudice for failure to exhaust state court remedies, *see* 28 U.S.C. § 2254(b) and (c), and that his request for mandamus relief be **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. § 1915A(b)(1).

SIGNED September 12, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for writ of mandamus stemming from a state criminal proceedings such as the one at issue in this case. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of state application for post-conviction relief was not subject to fee payment requirements of § 1915).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE